O’NIELL, J.
The defendant has appealed from a judgment condemning it to pay to the plaintiff $5,357.33, compensation for 22.96 acres of the plaintiff’s land, valued at $233.-33% per acre, appropriated by the defendant board for a new levee.
It is admitted in the defendant’s answer that, in building the new levee about 400 feet further back from the Mississippi river than the old levee stood, the defendant board appropriated 22.96 acres of the front of 19 plots or tracks of land belonging to the plaintiff, each measuring one arpent in width and extending back about 14 arpents in depth from the river. It is also admitted that the land appropriated was worth $233.-33% per acre at the time it was taken by the defendant.
The only defense to this suit was and is that the plaintiff’s land was “vacant property,” whereof “only a part was taken for levee purposes,” and that “the effect of the levee building was to protect the remaining part of the same property.”
The correctness of the judgment appealed from therefore depends entirely upon the interpretation to be given the proviso in article 312 of the Constitution of this state, viz.:
“Art. 312. Any person whose property may be appropriated by the Orleans levee board for levee purposes shall have a right of action against said board in any court of competent jurisdiction for the value of said property, and whatever judgment may be finally rendered against the boa_rd_ shall be paid out of the taxes collected by it in the same manner as other disbursements are made; provided, that this shall not apply to batture property, nor to vacant property, where only a part thereof has been taken for levee purposes, and where the effect of the levee building would be to protect the remaining part of the same property. * * * ”
In paragraph IV of the plaintiff’s petition it is alleged:
“That there were improvements on said land, consisting of a number of buildings, which were all occupied and had to be removed to make way for the levee, all of the land at the time being in a high state of cultivation and leased out in small tracts to various tenants.”
The defendant’s answer to the allegations in paragraph IV of the petition is this:
“Defendant avers that all the improvements on said land had been removed by the consent of the plaintiff and defendant, and, at the time said levee was built on said land, the same was vacant and there were no improvements thereon.”
That portion of the plaintiff’s land that was appropriated by the defendant was in actual cultivation and was occupied by buildings until the defendant moved the buildings and appropriated the land. -
Our opinion is that, if the framers of article 312 of the Constitution had intended to provide that any property was to be considered vacant that could be made vacant, the proviso would have been worded so as to give compensation only for making the land vacant; that is, for the cost of removing the buildings, for the value of the crops destroyed, etc. From the language used, it is impossible to believe that the framers.of this provision in the Constitution meant to authorize the levee board to convert improved property into vacant property, even at the expense of the board, and then appropriate it without any liability for the value of the land made vacant by the board. Nor do we understand the term “vacant property,” as used in this article, to mean .only property *889 on which there is no building. The term “vacant property” is never understood as including a flower garden, or lawn in front of a residence, or a cultivated field on which there is no residence. In the sense in which it is used here, the term “vacant property” means, not only unimproved, unoccupied property, but property that is not devoted to any use or purpose. The provision in the Constitution is not that there shall be no compensation for the vacant part of an improved or occupied body of land. On the contrary, it is plainly expressed that there shall be no compensation for vacant property, of which only a part is taken, where the effect of the levee building would be to protect the remaining part of the same property. The remaining part of the same property means the remaining part of the vacant property, and precludes the idea that the levee board may appropriate, without liability for compensation, the vacant part of an improved, occupied or cultivated body of land.
The judgment is affirmed.